NOWLEN *v.* HALL.[1]

APPEAL AND ERROR—SECOND APPEAL—LAW OF THE CASE.
    Where a defendant in ejectment, after affirmance of a judgment for plaintiff, takes a new trial under the statute, and the evidence on the second trial differs only in respect to a misdescription of the land in one of the deeds, and the question whether the mistake can be shown in an action of ejectment is not raised on the second trial, the decision on the former appeal controls the case.

Error to Berrien; Coolidge, J. Submitted January 17, 1907. (Docket No. 50.) Decided March 5, 1907. Rehearing denied July 15, 1907.

Ejectment by Albert R. Nowlen against Charles W. Hall and others. There was judgment for plaintiff on a verdict directed by the court for an undivided one-half of the property involved, and defendant Hall brings error. Affirmed.

*H. S. Whitney*, for appellant.

*Plummer & Plummer* (*George W. Bridgman*, of counsel), for appellee.

MOORE, J. This is an action in ejectment. The case has been here before. It is reported in 128 Mich. 274. Defendant, taking advantage of his right under the statute to another trial, brought the case on for a second trial, this time before a jury. Counsel for defendant conceded in open court that his client had no claim to the city lots, and consented that plaintiff take judgment for them. After hearing the evidence the court instructed the jury to find that the undivided one-half of the acreage prop-

---

[1] The opinion filed on the original hearing in this case was withheld from publication pending the rehearing.

erty belonged to plaintiff and an undivided one-half to
defendant Charles W. Hall. The jury found accordingly,
judgment was so entered, and from this judgment the de-
fendant comes to this court on writ of error. In the opin-
ion handed down when the case was here before there is
a detailed statement of facts. A reference to that opin-
ion will give an understanding of nearly all the questions
involved here. Upon the second trial the matter of the
tax deeds and tax titles was regarded as settled by the
opinion to which reference has just been made. In the
opinion, Chief Justice Montgomery, in referring to the
acreage property, said:

"We find that, while the adverse possession found by
the court had the effect to cut off the Miller title, it did
not defeat the Boughton title, which subsequently vested
in the defendant. The commissioner's deed on foreclos-
ure of the Boughton mortgage did not cover this land at
all. The title, therefore, derived through Lewis, was
vested one-half in plaintiff, and one-half in defendant.
* * *

"Our conclusion is that the judgment should be affirmed
as to the city property, and modified as to the acreage
property, so called. The plaintiff is entitled to recover
one-half of the latter."

The only evidence upon the second trial which casts
doubt upon this conclusion is the description contained
in the deed, dated January 23, 1861, from Martin
Green, by Lucius A. Willard, attorney, and Mary F.
Green, wife of Martin Green, and Lucius A. Willard and
his wife, to Belmont C. Lewis. The land conveyed there-
in is described as follows:

"Conveying all that part of the northwest quarter of
the northeast quarter of section twenty-four, town four
south, range eighteen west, aforesaid, lying south of Ter-
ritorial Road, twelve acres."

It will be observed that the range mentioned in this
conveyance is range 18 west, while the land in controversy
is in range 19 west. It was shown that, when this deed
was made, the grantors therein had no land on section 24,

township 4 south, range 18 west, but were the owners of land in section 24, township 4 south, range 19 west. It was further shown that there was no 12 acres of land south of the territorial road in range 18 west. The record also discloses that Mr. Lewis went into possession of the land in range 19 west, and on November 6, 1869, conveyed an undivided one-half interest thereof to Curtis Boughton, which title, by mesne conveyances, was acquired by defendant. It is very clear that a clerical error was made in writing the word "eighteen" when it was intended to write the word "nineteen." We have no occasion to decide whether this mistake can be shown in an ejectment suit. That question was not raised.

Judgment is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.